AO 133    (Rev. 8/06) Bill of Costs

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #.
DATE FILED: 4/24/13

# UNITED STATES DISTRICT COURT

Southern    District of    New York

Lupin Atlantis S.A.

V.

Mylan Inc. & Mylan Pharms. Inc.

## BILL OF COSTS

Case Number: 11-md-2241, 11-cv-3861, 11-cv-3893

Judgment having been entered in the above entitled action on _____12/28/2012_____ against _____Lupin Atlantis_____ ,
                                                                        Date

the Clerk is requested to tax the following as costs:

| | |
|---|---|
| Fees of the Clerk . . . . . . . . . . . . . . . . . . . . . . . . . | $ 1,200.00 |
| Fees for service of summons and subpoena . . . . . | |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | 12,085.57 |
| Fees and disbursements for printing . . . . . . . . . . . | |
| Fees for witnesses (itemize on page two) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 0.00 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case . . . . . . . . . . . . | $6,989.15  14,934.12 |
| Docket fees under 28 U.S.C. 1923 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Costs as shown on Mandate of Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Compensation of court-appointed experts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 . . . . . | 1,000.00 |
| Other costs (please itemize) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |

DOCKETED AS A JUDGMENT #13 0811 ON 4/24/13

No Appearances
Objections and reply to objections submitted          TOTAL    $ 29,219.69
                                                                $21,274.72

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill has been served on all parties in the following manner:

☐    Electronic service by e-mail as set forth below and/or.

☒    Conventional service by first class mail, postage prepaid as set forth below.

s/ Attorney: _____

Name of Attorney:    Mark A. Pacella

For:    Mylan Inc. and Mylan Pharmaceuticals Inc.                                    Date:    4/10/2013
                        Name of Claiming Party

Costs are taxed in the amount of _____$21,274.72_____ and included in the judgment.

____Ruby J. Krajick____          By: ____X____          ____4/24/13____
Clerk of Court                        Deputy Clerk              Date

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

            :  ECF Case

In re FENOFIBRATE PATENT LITIGATION     :  No. 1:11-md-02241 (JSR) (THK)

            :  Member Cases:

            :  1:11-cv-03861 (JSR) (THK)
            :  1:11-cv-03893 (JSR) (THK)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## NOTICE OF OPPOSITION TO REQUEST TO TAX COSTS

Pursuant to Rule 54.1(b) of the Local Rules of the United States District Court for the Southern District of New York, Plaintiff Lupin Atlantis S.A. ("Lupin Atlantis") hereby provides notice of opposition to Defendants Mylan Inc. and Mylan Pharmaceuticals Inc.'s ("Mylan") Request to Tax Costs, dated April 10, 2013. Lupin Atlantis submits its written objections to Mylan's Request to Tax Cost in the attached Declaration of Joseph V. DeMarco In Opposition To Mylan's Bill of Costs.

Lupin Atlantis understands that Mylan intends to move for pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, Rule 54.1 of the Local Rules of the United States District Court for the Southern District of New York, and 28 U.S.C. § 1920 before the Orders and Judgment Clerk at 500 Pearl Street, New York, New York 10007, Room 370 at 10:00 am, on April 24, 2013. Lupin Atlantis respectfully requests that the Clerk consider Lupin Atlantis' written objections as part of its determination of the proper costs.

1



RECEIVED

APR 23 2013

JUDGMENT CLERK'S
OFFICE

*By E-mail*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————— x
                                                    :
                                                    :
                                                    :
In re Fenofibrate Patent Litigation          :
                                                    :
                                                    :
                                                    :
——————————————————————— x

Case No. 1:11-md-2241 (JSR) (THK)

Member Cases:
1:11-cv-03861 (JSR) (THK)
1:11-cv-03893 (JSR) (THK)

### MYLAN'S REPLY MEMORANDUM IN SUPPORT OF
### ITS BILL OF COSTS

Defendants Mylan Inc. and Mylan Pharmaceuticals Inc. ("Mylan") hereby submit this

reply brief in support of their Bill of Costs. As an initial matter, Plaintiff Lupin Atlantis S.A.

("Lupin") concedes that all but a single category of costs sought by Mylan are proper. *See*

DeMarco Decl. ¶ 2. Accordingly, the undisputed costs should be taxed consistent with the Local

Rules and Mylan should be awarded at least $14,285.57 in costs.

With respect to the single category of disputed costs, Lupin's objections are premised on

a misapplication of the Local Rules and are contrary to Second Circuit and Southern District of

New York precedent. Indeed, in *In re Omeprazole Patent Litigation*, No. 00-civ-6749, 2012 WL

5427849, at *8 (S.D.N.Y. Nov. 7, 2012), this Court awarded costs for photocopying of "one set

of documents produced to [the plaintiff] in response to discovery requests." Contrary to Lupin's

argument, this Court relied on Second Circuit case law expressly recognizing that photocopying

costs may be taxable even if the underlying document was not admitted into evidence at trial.

*See U.S. ex. rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153,